■ In the Matter of NEW YEAR REALTY CORP., Respondent, against ROBERT E. HERMAN, as State Rent Administrator, Appellant.— Order annulling the determination of the State Rent Administrator denying the issuance of certificates of eviction to permit landlord's withdrawal of the premises from the housing and nonhousing rental markets by demolition reversed, on the law, and the proceeding remanded to the State Rent Administrator for the purpose of reconsidering the application and the taking of such additional proof, if any, as may be appropriate, without costs. The landlord has the right to withdraw the premises from the rental markets and operate its own outdoor parking lot thereon (State Residential Rent Law, § 10, subd. 4; L. 1946, ch. 274, as last amd. by L. 1959, ch. 695). The cases upon which the Administrator relies do not hold to the contrary, but turn on the failure of landlord to satisfy one of the objective criteria specified in section 59 of the State Rent and Eviction Regulations for determining whether the landlord in fact intends to do what it proposes to do (e.g., *Matter of Macy & Co.* v. *Abrams*, 3 A D 2d 923; *Matter of Iscovitz* v. *McGoldrick*, 278 App. Div. 920). Here, landlord has established, and the Administrator does not contest, " that substantial violations affecting the health and safety of the tenants have been placed on the structure containing the housing accommodations by the local authorities having jurisdiction over such matters and that the cost of removing these violations would substantially equal or exceed the assessed valuation of the structure ". That fact is not avoided by the dubious privilege the landlord may have to apply for revocable tax abatement. In addition, however, to establishing one of the objective criteria provided in the regulation, landlord must also establish his good faith intention to " permanently withdraw occupied housing accommodations from both the housing and non-housing rental markets without any intent to rent or sell all or any part of the land or structure " (§ 59). Since the Administrator did not determine this crucial issue, but erroneously assumed that landlord's failure to seek tax abatement barred the granting of the application, a remand is necessary. On the reconsideration the content and circumstances of landlord's long-term lease are highly relevant. So may be the insufficiently explored data supplied by tenants as to continued activities inconsistent with a planned demolition. Since landlord is faced with prosecution for the existing violations, the proceedings should be progressed rapidly to a conclusion. Concur — Botein, P. J., Breitel, Valente and McNally, JJ.; M. M. Frank, J. deceased.